UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **ALIEX PAUL PAPPILLION**<br>**LA. DOC #335316** | **CIVIL ACTION NO. 2:10-cv-559** |
| | **SECTION P** |
| **VERSUS** | |
| | **JUDGE MINALDI** |
| **WARDEN TETE, ET AL** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint filed in *forma pauperis* by plaintiff, Aliex Paul Pappillion, on March 31, 2010. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC), and is incarcerated at Calcasieu Correctional Center (CCC), Lake Charles, Louisiana.

Plaintiff complains that has received inadequate medical attention while at CCC and that his grievances have not been responded to. He names the following as defendants herein: CCC Wardens Tete, Nugent, and Miller; CCC Screening Officer Jones; and, Nurse Practitioner Carol Thornton.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff states that he was injured during his arrest on December 8, 2006. He states that an MRI taken on June 22, 2007 confirmed his injuries. Plaintiff contends that over the years his injuries have continued to cause problems but that he has only been given Motrin. He states that

1

several doctor appointments have been canceled and that the numerous grievances concerning his medical complaints have gone unanswered. Plaintiff confirms that he was seen by defendant Thornton on March 15, 2010. During this appointment, Thornton informed plaintiff that she could Not do anything for him other than give him Motrin.

As relief for the above, plaintiff seeks proper medical attention and all relief the courts will award for pain and suffering.

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. Under 28 U.S.C. §1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

### II. 42 U.S.C. §1983

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws

of the United States.  42 U.S.C. §1983.  Thus, an initial inquiry in a lawsuit filed under §1983 is whether plaintiff has alleged that his constitutional rights have been violated.  If no constitutional violation has been alleged, there is no cognizable claim under §1983.

In order to hold the defendants liable under 42 U.S.C. §1983, the plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law, that is, that the defendant was a state actor.  See *Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

### III.  Medical Care Claims

Medical care claims asserted by convicted prisoners, like plaintiff, are analyzed under the Eighth Amendment's prohibition of cruel and unusual punishment.  In order to prevail on such claims, convicts must establish that the refusal or delay in providing medical care was "sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976).

Deliberate indifference in the context of the failure to provide reasonable medical care to a convicted prisoner means that: (1) the prison officials were aware of facts from which an inference of substantial risk of serious harm could be drawn; (2) the officials actually drew that inference; and (3) the officials' response indicated that they subjectively intended that harm

occur. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 458-59 (5th Cir. 2001). "[T]he failure to alleviate a significant risk that [the official] <u>should have perceived</u>, but did not is insufficient to show deliberate indifference." *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001)(emphasis supplied). Moreover, "deliberate indifference cannot be inferred merely from a negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson*, 245 F.3d at 459. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind." *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir.1997).

The fact that a plaintiff disagrees with what medical care is appropriate or with the course of treatment offered by the medical staff does not state a claim of deliberate indifference to serious medical needs. See *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir.1997). In *Woodall v. Foti*, 648 F.2d. 268, 272 (5th Cir. 1981), the Fifth Circuit Court of Appeals stated that the test in balancing the needs of the prisoner versus the needs of the penal institution is one of medical necessity, not of desirability. The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. See *Mayweather v. Foti,* 958 F.2d. 91 (5th Cir. 1992); *Woodall, supra.* Merely alleging a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). Furthermore, the fact that plaintiff continues to suffer from pain is insufficient to establish that a constitutional violation has occurred. *Mayweather, supra*.

In the instant case, the information contained in plaintiff's complaint shows that plaintiff received medical treatment, including doctor visits and medication. Plaintiff's allegations, at

most, state a disagreement amongst himself and the medical staff regarding the procedures to treat his medical problems.

As previously stated, claims such as those made by plaintiff are insufficient to establish that a constitutional violation has occurred. Absent a constitutional violation, federal courts are generally reluctant to interfere in the internal affairs of a prison. See *Shaw v. Murphy*, 532 U.S. 223, 121 S.Ct. 1475, 149 L.Ed.2d 420 (2001). The decision regarding plaintiff's treatment is best left to the prison officials. The facts here clearly do not demonstrate that the defendants refused to treat him, ignored his complaints, intentionally treated plaintiff incorrectly or evince a wanton disregard for plaintiff's medical needs. The evidence before the court simply does not support a finding of deliberate indifference.

Accordingly, this court finds that plaintiff's medical care claims should be dismissed for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2).

### IV. Supervisor Liability and Grievances

In addition to defendant Thornton, plaintiff names Wardens Tete, Nugent, and Miller as defendants. To the extent that he names these defendants in a supervisory capacity, such claim is not cognizable as it is well settled that supervisory officials may not be held liable under §1983 under the doctrine of *respondeat superior*. See *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993).

To be liable under §1983, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Here, plaintiff fails to set forth a constitutional claim against these parties. There are no allegations that they were personally implicated in any alleged

constitutional deprivation or that they implemented any policy which acts as a constitutional deprivation. Thus, these claims should be dismissed for failure to state a claim upon which relief may be granted.

Further, to the extent that plaintiff complains that these defendants did not respond to his grievances, plaintiff should be aware that such allegations do not implicate the constitution. More specifically, "when the claim underlying the administrative grievance involves a constitutional right, the prisoner's right to petition the government for redress is the right to access to the courts, which is not compromised by the prison's refusal to entertain his grievance." *Oladipupo v. Austin*, 104 F. Supp.2d 626, 637, (W.D. La. 2000)(citing, *Flick v. Alba, et al,* 932 F.2d 728, 729 (8th Cir. 1991)). The narrowing of prisoner due process protection announced in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995), leaves plaintiff without a federally protected right to have his complaints and grievances investigated and resolved. Inasmuch as the result of these complaints and grievances have no bearing on the duration of plaintiff's confinement, plaintiff cannot show the existence of a state created liberty interest in their investigation and ultimate resolution. See *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995).

In sum, as plaintiff does not have a constitutional right to have his grievances entertained, it follows that these defendants did not have a duty to take action with regard to plaintiff's grievances. Consequently, any argument by plaintiff that the failure answer or properly respond to his grievances violates his constitutional rights, lacks an arguable basis in law and should be dismissed as frivolous as such claims are not cognizable under §1983**.**

Therefore,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DENIED AND**

**DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief can be granted in accordance with 28 U.S.C.1915(e)(2)(b).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE this 16th day of June, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE